IN THE UNITED STATES BANKRUPTCY COURT FOR
THE MIDDLE DISTRICT OF ALABAMA

IN RE:
EARLIE MAE HARRIS,                          CHAPTER 13
XXX-XX-1359,                                CASE NO: 07-30570-DHW-13
          Debtor(s),

BAC HOME LOANS SERVICING, LP,
          Movant.

## MOTION FOR RELIEF FROM STAY

Movant requests relief from stay imposed by Section 362(a) and in support thereof, shows
unto this Honorable Court as follows:

1. Earlie Mae Harris executed a note to America's wholesale Lender and a mortgage to
MERS, Solely as Nominee for Lender, dated April 23, 2004, on the following property located in
Montgomery County, Alabama:

> Lot Number 9 and the West 25 feet of Lot Number 8, according to the McQueen's
> Re-survey of Block 6 and part of Block 7 of the Thrasher Plat, as recorded in the
> Office of the Judge of Probate of Montgomery County, Alabama, in Plat Book 3,
> at page 82  (Said property is more commonly known as 2714 Geneva Street,
> Montgomery, Alabama 36108);

which mortgage is recorded in Real Property Book 2865, page 0409, of the records in the Office
of the Judge of Probate of Montgomery County, Alabama; (a copy of said note and mortgage are
attached hereto and incorporated herein by reference).  Said mortgage was transferred and
assigned to BAC Home Loans Servicing LP by instrument recorded in said Probate Court
Records.  The mortgage is in default.

2.  There is presently due and unpaid a principal balance of $51,184.15 plus interest,
attorney's fees and expenses, all of which are specifically provided for under the terms of said
note and mortgage.

3.  Said note and mortgage are in default and have been in default for the post-petition
payment due July 1, 2009, and all subsequent payments are also in arrears.  Said note provides
that default in any one installment shall give the Movant the right to foreclose said lien and sell
the property secured thereby under the terms and conditions set forth in said instrument.

4.  There is cause for removing the stay, including but not limited to the fact that Movant's interest in said property is not adequately protected, the Debtor(s) does not have equity in said property and said property is not necessary for an effective reorganization.

WHEREFORE, Movant requests that such stay be terminated, nulled, modified or conditioned so as to allow your Movant to foreclose in accordance with the provisions of said mortgage and the laws of the State of Alabama; and Movant further requests the Court to waive the ten (10) days waiting period required by Bankruptcy Rule 4001 (a)(3) as amended.

Dated this _22_ day of _Oct_, 2009.

_____
William S. McFadden
Attorney for Movant

OF COUNSEL:

McFadden, Lyon & Rouse, L.L.C.
718 Downtowner Boulevard
Mobile, Alabama  36609
(251) 342-9172

## CERTIFICATE OF SERVICE

I do hereby certify that I have on this _22_ day of _Oct_, 2009, served a copy of the foregoing pleading on:

Debtor(s):                    Earlie Mae Harris
                              2714 Geneva Street
                              Montgomery, AL 36107

Debtor's Attorney:            Richard D. Shinbaum
                              Post Office Box 36101
                              Montgomery, AL 36101

Debtor's Trustee:             Curtis C. Reding
                              Post Office Box 173
                              Montgomery, AL 36101

by electronic case filing, ("ECF"), or by mailing a copy of the same by United States Mail, properly addressed and first class postage prepaid.

_____
William S. McFadden

After Re[...]
COUNTR[...] `610` [barcode] `D2 001 001`
MS SV-79 DOCUMENT PROCESSING
P.O. Box 10423
Van Nuys, CA 91410-0423

Paul G. DeLaitsch, P.C.
6737 Taylor Circle
Montgomery, AL 36117
04-1326

——————————[Space Above This Line For Recording Data]——————————

HARRIS
[Escrow/Closing #]     [Doc ID #]

# MORTGAGE

## DEFINITIONS

Words used in multiple sections of this document are defined below and other words are defined in Sections 3, 11, 13, 18, 20 and 21. Certain rules regarding the usage of words used in this document are also provided in Section 16.

(A) "Security Instrument" means this document, which is dated  APRIL 23, 2004 , together with all Riders to this document.
(B) "Borrower" is
EARLIE M HARRIS, AN UNMARRIED WOMAN

Borrower is the mortgagor under this Security Instrument.
(C) "MERS" is Mortgage Electronic Registration Systems, Inc. MERS is a separate corporation that is acting solely as a nominee for Lender and Lender's successors and assigns. MERS is the mortgagee under this Security Instrument. MERS is organized and existing under the laws of Delaware, and has an address and telephone number of P.O. Box 2026, Flint, MI 48501-2026, tel. (888) 679-MERS.
(D) "Lender" is
AMERICA'S WHOLESALE LENDER
Lender is a CORPORATION
organized and existing under the laws of NEW YORK
Lender's address is
P.O. Box 660694, Dallas, TX 75266-0694
(E) "Note" means the promissory note signed by Borrower and dated APRIL 23, 2004 . The Note states that Borrower owes Lender
FIFTY FOUR THOUSAND and 00/100

Dollars (U.S. $ 54,000.00 ) plus interest. Borrower has promised to pay this debt in regular Periodic Payments and to pay the debt in full not later than MAY 01, 2034
(F) "Property" means the property that is described below under the heading "Transfer of Rights in the Property."

**ALABAMA-Single Family-Fannie Mae/Freddie Mac UNIFORM INSTRUMENT WITH MERS**

Page 1 of 11

Initials: E.M.H

VMP -6A(AL) (0005).01    CHL (04/02)(d)    VMP MORTGAGE FORMS - (800)521-7291
CONV/VA
Form 3001 1/01





NON-UNIFORM COVENANTS. Borrower and Lender further covenant and agree as follows:

22. Acceleration; Remedies. Lender shall give notice to Borrower prior to acceleration following Borrower's breach of any covenant or agreement in this Security Instrument (but not prior to acceleration under Section 18 unless Applicable Law provides otherwise). The notice shall specify: (a) the default; (b) the action required to cure the default; (c) a date, not less than 30 days from the date the notice is given to Borrower, by which the default must be cured; and (d) that failure to cure the default on or before the date specified in the notice may result in acceleration of the sums secured by this Security Instrument and sale of the Property. The notice shall further inform Borrower of the right to reinstate after acceleration and the right to bring a court action to assert the non-existence of a default or any other defense of Borrower to acceleration and sale. If the default is not cured on or before the date specified in the notice, Lender at its option may require immediate payment in full of all sums secured by this Security Instrument without further demand and may invoke the power of sale and any other remedies permitted by Applicable Law. Lender shall be entitled to collect all expenses incurred in pursuing the remedies provided in this Section 22, including, but not limited to, reasonable attorneys' fees and costs of title evidence.

If Lender invokes the power of sale, Lender shall give a copy of a notice to Borrower in the manner provided in Section 15. Lender shall publish the notice of sale once a week for three consecutive weeks in a newspaper published in MONTGOMERY County, Alabama, and thereupon shall sell the Property to the highest bidder at public auction at the front door of the County Courthouse of this County. Lender shall deliver to the purchaser Lender's deed conveying the Property. Lender or its designee may purchase the Property at any sale. Borrower covenants and agrees that the proceeds of the sale shall be applied in the following order: (a) to all expenses of the sale, including, but not limited to, reasonable attorneys' fees; (b) to all sums secured by this Security Instrument; and (c) any excess to the person or persons legally entitled to it.

23. Release. Upon payment of all sums secured by this Security Instrument, Lender shall release this Security Instrument. Borrower shall pay any recordation costs. Lender may charge Borrower a fee for releasing this Security Instrument, but only if the fee is paid to a third party for services rendered and the charging of the fee is permitted under Applicable Law.

24. Waivers. Borrower waives all rights of homestead exemption in the Property and relinquishes all rights of curtesy and dower in the Property.

BY SIGNING BELOW, Borrower accepts and agrees to the terms and covenants contained in this Security Instrument and in any Rider executed by Borrower and recorded with it.

Witnesses:

_____ _____ (Seal)
EARLIE M. HARRIS -Borrower

_____ _____ (Seal)
-Borrower

_____ (Seal)
-Borrower

_____ (Seal)
-Borrower

Prepared by: NIKKIE STACY

## AMERICA'S WHOLESALE LENDER

DATE:        04/23/2004
CASE #: ███████████████████

Branch #: 0000790
7105 CORPORATE DRIVE PTX-A-195
PLANO, TX 75024
Phone: (800)669-2565
Br Fax No.: (N)972-608

BORROWER: EARLIE M. HARRIS
PROPERTY ADDRESS: 2714 GENEVA STREET
                 MONTGOMERY, AL 36108

### LEGAL DESCRIPTION EXHIBIT A

Lot Number 9 and the West 25 feet of Lot Number 8, according to
the McQueen's Re-survey of Block 6 and part of Block 7 of the
Thrasher Plat, as recorded in the Office of the Judge of Probate
of Montgomery County, Alabama, in Plat Book 3, at page 82.

E.m.H

FHA/VA/CONV
Legal Description Exhibit A
2C404-XX (04/03)(d)





Prepared by: NIKKIÉ STACY

IT IS HEREBY CERTIFIED THAT THIS
DOCUMENT IS A TRUE AND CORRECT COPY
OF THE ORIGINAL



## ADJUSTABLE RATE NOTE
### (LIBOR Index - Rate Caps)

**THIS NOTE CONTAINS PROVISIONS ALLOWING FOR CHANGES IN MY INTEREST RATE AND MY MONTHLY PAYMENT. THIS NOTE LIMITS THE AMOUNT MY INTEREST RATE CAN CHANGE AT ANY ONE TIME AND THE MAXIMUM RATE I MUST PAY.**

| APRIL 23, 2004 | MONTGOMERY | ALABAMA |
|---|---|---|
| [Date] | [City] | [State] |

2714 GENEVA STREET, MONTGOMERY, AL 36108
[Property Address]

### 1. BORROWER'S PROMISE TO PAY

In return for a loan that I have received, I promise to pay U.S. $ 54,000.00 (this amount is called "Principal"), plus interest, to the order of the Lender. The Lender is
AMERICA'S WHOLESALE LENDER
I will make all payments under this Note in the form of cash, check or money order.

I understand that the Lender may transfer this Note. The Lender or anyone who takes this Note by transfer and who is entitled to receive payments under this Note is called the "Note Holder."

### 2. INTEREST

Interest will be charged on unpaid principal until the full amount of Principal has been paid. I will pay interest at a yearly rate of 7.250 %. The interest rate I will pay may change in accordance with Section 4 of this Note.

The interest rate required by this Section 2 and Section 4 of this Note is the rate I will pay both before and after any default described in Section 7(B) of this Note.

### 3. PAYMENTS

**(A) Time and Place of Payments**

I will pay principal and interest by making a payment every month.

I will make my monthly payment on the first day of each month beginning on JUNE 01, 2004 . I will make these payments every month until I have paid all of the principal and interest and any other charges described below that I may owe under this Note. Each monthly payment will be applied as of its scheduled due date and will be applied to interest before Principal. If, on MAY 01, 2034 , I still owe amounts under this Note, I will pay those amounts in full on that date, which is called the "Maturity Date."

I will make my monthly payments at
P.O. Box 660694, Dallas, TX 75266-0694
or at a different place if required by the Note Holder.

**(B) Amount of My Initial Monthly Payments**

Each of my initial monthly payments will be in the amount of U.S. $ 368.38 . This amount may change.

**(C) Monthly Payment Changes**

Changes in my monthly payment will reflect changes in the unpaid Principal of my loan and in the interest rate that I must pay. The Note Holder will determine my new interest rate and the changed amount of my monthly payment in accordance with Section 4 of this Note.

### 4. INTEREST RATE AND MONTHLY PAYMENT CHANGES

**(A) Change Dates**

The interest rate I will pay may change on the first day of MAY, 2007 , and on that day every sixth month thereafter. Each date on which my interest rate could change is called a "Change Date."

**(B) The Index**

Beginning with the first Change Date, my interest rate will be based on an Index. The "Index" is the average of interbank offered rates for six-month U.S. dollar-denominated deposits in the London market ("LIBOR"), as published in *The Wall Street Journal*. The most recent Index figure available as of the date 45 days before the Change Date is called the "Current Index."

If the Index is no longer available, the Note Holder will choose a new index that is based upon comparable information. The Note Holder will give me notice of this choice.

**(C) Calculation of Changes**

Before each Change Date, the Note Holder will calculate my new interest rate by adding SIX & ONE-QUARTER percentage point(s) ( 6.250 %) to the Current Index. The Note Holder will then round the result of this addition to the nearest one-eighth of one percentage point (0.125%). Subject to the limits stated in Section 4(D) below, this rounded amount will be my new interest rate until the next Change Date.

ALABAMA ADJUSTABLE RATE NOTE - LIBOR INDEX - Single Family
CONV
● BC - ARM Note
2D140-AL (03/03)(d)

Initials: E.M.H




## 9. OBLIGATIONS OF PERSONS UNDER THIS NOTE

If more than one person signs this Note, each person is fully and personally obligated to keep all of the promises made in this Note, including the promise to pay the full amount owed. Any person who is a guarantor, surety or endorser of this Note is also obligated to do these things. Any person who takes over these obligations, including the obligations of a guarantor, surety or endorser of this Note, is also obligated to keep all of the promises made in this Note. The Note Holder may enforce its rights under this Note against each person individually or against all of us together. This means that any one of us may be required to pay all of the amounts owed under this Note.

## 10. WAIVERS

I and any other person who has obligations under this Note waive the rights of Presentment and Notice of Dishonor. "Presentment" means the right to require the Note Holder to demand payment of amounts due. "Notice of Dishonor" means the right to require the Note Holder to give notice to other persons that amounts due have not been paid.

## 11. UNIFORM SECURED NOTE

This Note is a uniform instrument with limited variations in some jurisdictions. In addition to the protections given to the Note Holder under this Note, a Mortgage, Deed of Trust, or Security Deed (the "Security Instrument"), dated the same date as this Note, protects the Note Holder from possible losses which might result if I do not keep the promises which I make in this Note. That Security Instrument describes how and under what conditions I may be required to make immediate payment in full of all amounts I owe under this Note. Some of those conditions are described as follows:

If all or any part of the Property or any Interest in the Property is sold or transferred (or if Borrower is not a natural person and a beneficial interest in Borrower is sold or transferred) without Lender's prior written consent, Lender may require immediate payment in full of all sums secured by this Security Instrument. However, this option shall not be exercised by Lender if such exercise is prohibited by Applicable Law.

If Lender exercises this option, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is given in accordance with Section 15 within which Borrower must pay all sums secured by this Security Instrument. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by this Security Instrument without further notice or demand on Borrower.


WITNESS THE HAND(S) AND SEAL(S) OF THE UNDERSIGNED.


_Earlie M. Harris_ _____ (Seal)
EARLIE M. HARRIS                                 -Borrower

_____ (Seal)
                                -Borrower

_____ (Seal)
                                -Borrower

_____ (Seal)
                                -Borrower

*[Sign Original Only]*

IN THE UNITED STATES BANKRUPTCY COURT FOR
THE MIDDLE DISTRICT OF ALABAMA

IN RE:
EARLIE MAE HARRIS,                          CHAPTER 13
XXX-XX-1359,                                CASE NO: 07-30570-DHW-13
    Debtor(s),

BAC HOME LOANS SERVICING, LP,
    Movant.

## AFFIDAVIT

Before me, the undersigned authority in and for said State and County, personally appeared Deborah Looper who on oath, deposes and says as follows:

My name is Deborah Looper and I am employed by BAC Home Loans Servicing, LP, (formerly known as Countrywide Home Loans Servicing, LP), in the capacity of Bankruptcy Specialist. It is one of my primary duties to process all things necessary to monitor delinquent accounts, which duties include the preparation of statements showing the status of such accounts, which statements are prepared from the original records of Countrywide Home Loans Servicing, LP. My office makes the original contact with the attorneys who are employed to initiate and complete bankruptcy proceedings and makes available to such attorneys our original records regarding account transactions.

The original records of BAC Home Loans Servicing, LP regarding accounts are maintained on computer. It is in the regular course of business that such records are maintained, and it is in the regular course of such business to maintain records. Computer entries are made at the time of occurrence of all transactions affecting an account, or within a very short time thereafter and such entries reflect the nature of the transaction. It is common in our business to utilize records regarding transactions.

In such employment capacity, I am familiar with the account of Earlie Mae Harris, Account Number XXXX4442 showing the status of the account as of the dates referred below.

This account is in default for the post-petition payment due July 1, 2009, and all subsequent payments are now in arrears.

    *the arrears referenced herein are subject to change and the figures are provided for informational purposes only. Additionally, there are filing fee expenses and

attorney's fees which have been incurred in connection with the motion for relief from stay which are also due Movant.

The factual allegations contained in the fact summary contemporaneously filed herein, (if a fact summary is applicable), are true and correct to the best of affiant's knowledge. The value of the real property is *$74,000.00 based upon debtor's schedules.

The current *payoff is follows:  *Please see the attached;

*the payoff herein is subject to change and the figures are provided for informational purposes only.  Additionally, there are filing fee expenses and attorney's fees which have been incurred in this motion for relief from stay which are also due Movant.

The referenced payoff is generated from the records of BAC Home Loans Servicing, LP, and is offered solely for evidence in this motion for relief and is not an attempt to collect same. Additionally, the payoff computations assume that no further escrow advances will occur between the date of execution of this Affidavit and the date as of which payment is made.

Dated this the _23_ day of _September_, 2009.

_____
DEBORAH LOOPER

**STATE OF TEXAS**
**COUNTY OF DALLAS**

Before me, the undersigned authority in and for said State and County, personally appeared Deborah Looper, who is employed by BAC Home Loans Servicing, LP, who is known to me; and after being by me first duly sworn, on oath, deposes and says that the facts stated in the foregoing Affidavit are true and correct and that she is authorized to make this Affidavit on behalf of said company.

SUBSCRIBED AND SWORN TO before me this _23rd_ day of _September_, 2009.

_____
Notary Public, State of Texas
My Commission Expires: _3-6-2013_

This instrument prepared by:
William S. McFadden, Esquire
(251) 342-9172

NOTARY PUBLIC
STATE OF TEXAS
VERLINE ALBRITTON
My Commission Expires
March 6, 2013

4442/Harris, Earlie M.
Bankruptcy Case No:07-30570

## **PAYOFF STATEMENT**

| | |
|---|---|
| Principal Balance: | 51,184.15 |
| Interest through:5/01/09 to 10/09/09 | 1,627.53 |
| Recording Fee: | 8.50 |
| Uncollected late charges: | 21.54 |
| Fees Due: | 630.72 |
| Escrow balance: | 384.76 |
| Less suspense credit balance: | 27.85 |
| *Total: | 53,829.35 |

The above-referenced payoff statement is generated from the records of BAC Home
Loans Servicing L.P. (f/k/a Countrywide Home Loans Servicing L.P.), and is offered solely for
evidence in the motion for relief from stay and is NOT an attempt to collect same. Additionally,
the payoff computations assume that no further escrow advances will occur between the date of
execution of the affidavit and the date as of which a payment is made.

   *The referenced payoff statement does NOT include expenses and attorney's fee incurred
in connection with the motion for relief from stay.